**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALAN DEEB,**

        **Plaintiff,**

**-vs-**                                           **Case No. 6:08-cv-462-Orl-19KRS**

**CENTER CITY HAULING &**
**EXCAVATING, INC.,**
**REV TECH ENTERPRISES, INC.,**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 46)**
>
> **FILED:**     **June 26, 2009**

## I. PROCEDURAL HISTORY.

    This case was brought by Plaintiff Alan Deeb, on his own behalf and on behalf of those similarly situated, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* Subsequently, Robert Anderson, Eugalee Cross, Steven Tillman, Darryl Thomas, and Keith Johnson joined the case as Opt-in Plaintiffs. Doc. Nos. 2, 3, 24. All Plaintiffs and Defendants Center City Hauling & Excavating, Inc., and Rev Tech Enterprises, Inc., seek the Court's approval of their settlement.

The parties have filed their joint motion, Doc. No. 46, executed copies of the settlement agreements, Doc. No. 46-2, a declaration of counsel setting forth the distribution of settlement funds, and time sheets. Doc. No. 48. The motion seeks approval of a settlement of $4,000.00 to Plaintiffs for unpaid overtime compensation ($870.27 to Deeb, Doc. No. 46-2 at 1, $457.60 to Anderson, *id.* at 7, $870.27 to Cross, *id.* at 12, $797.59 to Tillman, *id.* at 19, $870.27 to Thomas, *id.* at 28, and $134.00 to Johnson), and $1,000.00 for attorney's fees and costs, *id.* at 2. As the motion is unopposed, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

**III. ANALYSIS.**

*A. Settlement Recovery.*

In their motion, the parties represent that they considered disputed issues of fact as to whether Plaintiffs were employees or independent contractors, whether they worked overtime, and whether Defendant Center City Hauling & Excavating, Inc. and Rev Tech Enterprises, Inc. were enterprises as defined by the FLSA. The "single most important factor" in Plaintiffs' agreement to the settlement was that Defendants' "business is not operating and generates no income." Doc. No. 46 at 3. Plaintiffs "wished to have some recovery rather than none at all." *Id.*

1. <u>Alan Deeb.</u>

In his amended answers to the Court's Interrogatories, Deeb averred that he was owed $36,480.00 ($18,240.00 in unpaid overtime compensation, and $18,240.00 in liquidated damages). Doc. No. 45-2. Deeb has agreed to settle his claim for $870.27 in unpaid overtime compensation, and his settlement agreement also contains a global settlement of $1,000.00 payable to Morgan & Morgan, P.A. for attorney's fees and costs. Doc. No. 46-2 at 1-2.

### 2. Robert Anderson.

In his answers to the Court's Interrogatories, Anderson averred that he was owed $15,480.00 ($7,7400.00 in unpaid overtime compensation, and $7,740.00 in liquidated damages). Doc. No. 25-2 at 12. Anderson has agreed to settle his claim for $457.60 in unpaid overtime compensation. Doc. No. 46-2 at 7.

### 3. Eugalee Cross.

In his answers to the Court's Interrogatories, Cross averred that he was owed $65,520.00 ($32,760.00 in unpaid overtime compensation, and $32,760.00 in liquidated damages). Doc. No. 25-2 at 6. Cross has agreed to settle his claim for $870.27 in unpaid overtime compensation. Doc. No. 46-2 at 13.

### 4. Steven Tillman.

In his answers to the Court's Interrogatories, Tillman averred that he was owed $34,320.00 ($17,160.00 in unpaid overtime compensation, and $17,160.00 in liquidated damages). Doc. No. 25-2 at 4. Tillman's settlement agreement recites that Tillman has agreed to settle his claim for $797.59 in unpaid overtime compensation. Doc. No. 46-2 at 19. It appears Tillman has not agreed to all of the other terms of his settlement. Tillman included a handwritten and signed addendum to his agreement indicating that he was "signing for [his] money" only, and "still can take this claim up with the I.R.S. and Labor board." Doc. No. 46-2 at 26.

### 5. Darryl Thomas.

In his answers to the Court's Interrogatories, Thomas averred that he was owed $23,400.00 ($11,700.00 in unpaid overtime compensation, and $11,700.00 in liquidated damages). Doc. No. 25-2 at 10. Thomas has agreed to settle his claim for $870.27 in unpaid overtime compensation. Doc. No.

46-2 at 28. It appears Thomas has not agreed to all of the other terms of his settlement. Thomas included a handwritten and signed addendum to his agreement indicating that he did not intend for "[the] Ag[r]eement and General Release [to] affect the judgement of the I.R.S.['s] ongoing case." Doc. No. 46-2 at 31.

      6.    <u>Keith Johnson.</u>

In his answers to the Court's Interrogatories, Johnson averred that he was owed $6,240.00 ($3,120.00 in unpaid overtime compensation, and $3,120.00 in liquidated damages). Doc. No. 25-2 at 8. Johnson has agreed to settle his claim for $134.00 in unpaid overtime compensation. Doc. No. 46-2 at 33.

Plaintiffs' attorney, C. Ryan Morgan, averred that there is no fee agreement or other agreement with Plaintiffs that could decrease Plaintiffs' recovery if the Court determines that a reasonable attorney's fee is less than the amount contemplated in the settlement agreements. Doc. No. 48 ¶ 2. The parties represent that the instant action involves a bona fide dispute under the FLSA, and that they are resolving the matter in light of the disputed issues of fact and Defendants' financial condition. Doc. No. 46 at 3. They assert they were represented by counsel throughout the litigation and that they agreed to the terms of the settlement after being counseled by their respective attorneys. *Id.* at 3-4. The settlement agreements reflect that the agreements were entered into voluntarily. *E.g.*, Doc. No. 46-2 at 4 ¶¶ 15, 17.

Because Plaintiffs will receive less than the amounts they claimed to be owed under the FLSA, they have compromised their FLSA claims. Therefore, the Court must separately consider whether the payment to Plaintiffs' attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept.

*B.     Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen*

*Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

The settlement agreements in this case provide for a payment of $1,000.00 to Attorney Morgan for attorney's fees and costs. According to Morgan's declaration and the time sheets attached thereto, Morgan expended 8.3 hours in this case and seeks a rate for his work of $175.00 per hour,[2] and paralegal Claudia Silva expended 6.8 hours and Morgan seeks a rate for her work of $95.00 per hour. Doc. No. 48-2.

       1.      Hourly Rate.

Morgan has been licensed to practice law in Florida since 2005. Judges of this Court have found his reasonable hourly rate in FLSA cases to be between $145.00 and $175.00 per hour: . *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl19DAB, Doc. No. 40 at 3 (M.D. Fla. Mar. 13, 2009) ($175.00 per hour for Morgan; $95.00 per hour for paralegal time); *Ellison v. Sydel Legrande*, M.D., P.A., No. 8:08-cv-845-T-33TGW, 2009 WL 465034, at *3 (M.D. Fla. Feb. 24, 2009) ($165.00 per hour for Morgan; $50.00 per hour for Silva); *Aguirre v. Abercrombie Entm't, LLC*, No. 6:08-cv-990-Orl-28GJK, 2009 WL 51269, at *4 (M.D. Fla. Jan. 7, 2009) ($150.00 per hour for Morgan); *Cruz v. Petty Transp., LLC*, No. 6:08-cv-498-Orl-22KRS, 2008 WL 5055242, at *4 (M.D.

---

[2] Morgan avers that his hourly rate was recently found to be $175.00 per hour in another case. *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl19DAB, Doc. No. 40. Although he "reference[s] [his] hourly rate at $300.00 per hour, the usual hourly rate" he seeks, he notes that "an effective hourly rate of less than $100.00 will justify the fees and costs agreed to." Doc. No. 48 at 4 n.1.

Fla. Nov. 21, 2008) ($145.00 per hour for Morgan; $50.00 per hour for Silva). After review of these cases, I find that $175.00 per hour is a reasonable hourly rate for Attorney Morgan in the absence of objection.[3]

Morgan also seeks $95.00 per hour for paralegal Silva. This Court has determined that $95.00 per hour is reasonable for Silva's work in connection with approval of a settlement agreement in an FLSA case, in the absence of objection. *See Masterson v. Highlife Farms, LLC,* No. 6:08-cv-796-Orl-19KRS, 2009 WL 1444432 (M.D. Fla. May 21, 2009). Accordingly, I find in the absence of objection that the reasonable hourly rate for Silva's paralegal work is $95.00 per hour.

2.  Reasonable Number of Hours for Attorney Morgan.

Attorney Morgan avers that he expended 8.3 hours of attorney time on this case, and paralegal Silva expended 6.8 hours of paralegal time. Doc. No. 48 at 4. Some of the time worked performed by Silva is clerical or administrative in nature, specifically scheduling mediation, preparing transmitting letters, and preparation of notices of filing (which are not required in this Court).[4]

---

[3] "[T]he Court notes that cases such as these involve relatively elementary issues of law and simple questions of fact. Moreover, they are usually contingent fee cases and inevitably conclude in either a settlement or default judgment. Consequently, there is little factual basis to determine a realistic 'market rate' for these legal services. Indeed, there is no give and take or arms-length bargaining which sets the market rate. Rather, these rates are set by whatever plaintiff's counsel may convince the Court are reasonable in light of, *inter alia*, years of experience in relation to trial practitioners in others areas of litigation. From a market rate standpoint, this may not be a reliable proxy for setting rates in an FLSA case." *See Gray v. Golden Bear Day School, Inc.*, Case No. 6:08-cv-2-Orl-31KRS, Doc. No. 33 at 3 n.2 (M.D. Fla. Nov. 4, 2008).

[4] 7/21/2008 CWS .50 "Preparation of notice of Mediation and scheduling of same"; 11/20/2008 CWS .30 "Preparation, letter to defense attorney"; 12/09/2008 CWS .40 "Preparation of notice resch[e]duling mediation"; 12/9/2008 CWS .30 "Preparation, letter to client"; 3/23/2009 CWS .30 "Preparation, letter to client enclosing SA"; 4/22/2009 CWS .30 "Preparation, letter to client Steven Tillman Enclosing Amended SA"; 4/22/2009 CWS .30 "Preparation, letter to client Darryl Thomas enclosing Amended SA"; 5/27/2009 CWS .30 "Preparation of Notice of Filing

*See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Of course, purely clerical or secretarial tasks should not be billed . . . regardless of who performs them."). Therefore, I find that 3 hours of Silva's work is not compensable.

    4.    Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Legal Professional | Hourly Rate | Hours | Total |
|---|---:|---:|---:|
| C. Ryan Morgan | $175.00 | 8.3 | $ 1,452.50 |
| Claudia Silva | $ 95.00 | 3.8 | $361.00 |
| **TOTAL** | | | **$1,813.50** |

Because the total reasonable attorney's fee of $1,813.50 exceeds the $1,000.00 in fees and costs that Morgan would recover pursuant to the settlement agreement, I find Plaintiffs' recovery was not improperly influenced by the agreement amount of attorney's fees and costs.

    *C.*    *Fairness Finding.*

Plaintiffs have agreed to compromise their FLSA claims. The attorney's fees and costs paid in the settlements are reasonable. Accordingly, I recommend that the Court find the settlements are a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreements contains terms that this Court would not approve, such as the confidentiality provisions, which are partially unenforceable in light of the public filing of the agreements.

---

Affidavit in Support of Joint Motion for Approval of Settlement"; 6/08/2009 CWS .30 "Preparation of Amended Notice of Filing Court INTS - Deeb." Doc. No. 48 Ex. 1.

Additionally, Plaintiffs Tillman and Thomas have added handwritten language to their respective settlement agreement suggesting that may object to some of the release language in the agreements.[5] Accordingly, I recommend that the Court not approve the settlement agreements as a whole or reserve jurisdiction to enforce them. If Defendants object to the settlement agreements, as amended, they shall state those objections within the time permitted to object to this Report and Recommendation.

**IV.    RECOMMENDATION.**

Based upon the foregoing, I respectfully recommend the Court do the following:

1. **GRANT** in part the Joint Motion for Approval of Settlement (Doc. No. 46);

2. **FIND** that the settlements are a fair resolution of bona fide disputes under the FLSA;

3. **DECLINE** to reserve jurisdiction to enforce the settlement agreements;

4. **ORDER** that counsel for Plaintiffs may not withhold any portion of the amounts payable to Plaintiffs under the settlement agreements, and may not attempt to collect additional attorney's fees and costs from any Plaintiff pursuant to a retainer agreement or otherwise;

5. **ORDER** the counsel for Plaintiffs to provide a copy of the Court's Order to Plaintiffs; and,

---

[5] The Court takes no position on the validity of the releases in light of these handwritten statements.

6. **DISMISS** the case with prejudice as to all parties and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy